IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| A.S. by and through his next friend and mother, ANGELA GERMAINE SPENCER, | § § § § | |
| *Plaintiff,* | § § § | Case No. 2:20-cv-00037-JRG-RSP |
| v. | § § | |
| THE COUNTY OF HARRISON, TEXAS, | § § § | |
| *Defendant.* | § § | |

## REPORT AND RECOMMENDATION

Before the Court, defendant Harrison County moves for summary judgment against the claims of plaintiff A.S., a minor. Dkt. No. 36. For the following reasons the motion should be **GRANTED**.

**I.    Background**

In the Spring of 2017, A.S. was ten years old, diagnosed with and medicated for Attention-Deficit Hyperactivity Disorder ("ADHD"), and enrolled in the Travis Elementary School in the Marshall Independent School District ("Marshall ISD"). On May 10, 2017, Judge Joe Black issued an Order of Immediate Custody of A.S. for assaulting a teacher. Dkt. Nos. 36-5, 36-6, 36-7. Pursuant to the Order of Immediate Custody, A.S. was detained by the Marshall ISD Police Department[1] and brought to the Harrison County Juvenile Detention Center. On May 12, 2017, A.S. was presented to Judge Black in juvenile court for a pre-trial detention hearing, and Judge Black ordered the release of A.S. subject to additional conditions not relevant here. Dkt. No. 36-8. Soon after, the attorney representing Marshall ISD informed Angela Spencer, A.S.'s mother,

---

[1] The record shows that Marshall ISD Police Department is not an office or department of Harrison County, is not under the control of Harrison County, and is not funded by Harrison County.

1

of the school district's decision to drop the charges against A.S. if A.S. was removed from Marshall ISD. Dkt. No. 1 ¶ 100. Angela Spencer agreed to those terms and A.S. was removed from Marshall ISD. *Id*.

On February 14, 2020, A.S. by and through his next friend and mother, Angela Spencer, filed a complaint alleging various constitutional violations pursuant to 42 U.S.C. § 1983 against Harrison County. In the instant motion, Harrison County moves for summary judgment.

## II. LEGAL STANDARD

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a). A dispute of material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). We consider "all evidence in the light most favorable to the party resisting the motion." *Seacor Holdings, Inc. v. Commonwealth Ins. Co.*, 635 F.3d 680 (5th Cir. 2011) (internal citations omitted). It is important to note that the standard for summary judgment is two–fold: (1) there is no genuine dispute as to any material fact, and (2) the movant is entitled to judgment as a matter of law.

The movant has the burden of pointing to evidence proving there is no genuine dispute as to any material fact, or the absence of evidence supporting the nonmoving party's case. The burden shifts to the nonmoving party to come forward with evidence that supports the essential elements of his claim. *Liberty Lobby*, 477 U.S. at 250. The nonmoving party must establish the existence of at least a genuine dispute of material fact for trial by showing that the evidence, when viewed in the light most favorable to him, is sufficient to enable a reasonable jury to render a verdict in his favor. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Duffy v. Leading Edge Products,*

*Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). A party whose claims are challenged by a motion for summary judgment may not rest on the allegations of the complaint and must articulate specific evidence that meets his burden of proof. *Id*. "Conclusory allegations unsupported by concrete and particular facts will not prevent an award of summary judgment." *Duffy*, 44 F.2d at 312 (citing *Liberty Lobby*, 477 U.S. at 247). Further, "a district court may not grant a motion for summary judgment merely because it is unopposed." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 468 (5th Cir. 2010) (citing *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima,* 776 F.2d 1277, 1279 (5th Cir.1985)).

A § 1983 claim has two elements: (1) a violation of constitutional or federally secured rights, and (2) that the violation was committed by a person acting under color of state law. *Rich v. Palko*, 920 F.3d 288, 294 (5th Cir. 2019) (citing *Brown v. Miller*, 519 F.3d 231, 236 (5th Cir. 2008)). "Although municipalities are 'persons' within the meaning of Section 1983 and can be sued directly, they are not liable on a theory of vicarious liability or *respondeat superior*." *Louisiana Div. Sons of Confederate Veterans v. City of Natchitoches*, 821 F. App'x 317, 319–20 (5th Cir. 2020) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978)). At the summary judgment stage, a plaintiff making a direct claim of municipal liability must demonstrate three elements: that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right. *Davidson v. City of Stafford, Texas*, 848 F.3d 384, 395 (5th Cir. 2017), *as revised* (Mar. 31, 2017) (citing *Culbertson v. Lykos*, 790 F.3d 608, 628 (5th Cir. 2015)).

### III.   Analysis

#### A.  Adequacy of Medical and Mental Healthcare

The complaint alleges that it was cruel and unusual punishment for the detention center to not assess A.S.'s mental health with a psychiatrist or medical professional and to not provide A.S. his proscribed ADHD medication. Dkt. No. 1 ¶¶ 2, 3, 89, 91, 94, 127. To survive a motion for summary judgment, a plaintiff claiming cruel and unusual punishment must demonstrate that (1) an excessive risk to the detainee's physical or mental health existed, (2) that an official knew of the excessive risk, and (3) that the official disregarded the excessive risk. *Ball v. LeBlanc*, 792 F.3d 584, 592-'97 (5th Cir. 2015).

Harrison County moves for summary judgment arguing the following: (1) A.S.'s mother intentionally concealed the fact that A.S. was prescribed medication for ADHD because she did not trust the juvenile detention center, Dkt. No. 36-11 at 9:5-19, (2) A.S. informed the center that he had ADHD, Dkt. No. 36-9 at DEF0029, 45, but did not disclose that he was prescribed medication for it, *Id.* at DEF0031, (3) a medical health screen did not indicate the need for additional medical treatment, *Id.*, and (4) a mental health screen indicated a cautionary status for suicidal ideation, which alone was insufficient for additional mental health treatment but for which the detention center took steps to increase its ability to observe A.S., Dkt. Nos. 36-9 at DEF0033-44, 36-3. A.S.'s opposition to Harrison County's motion for summary judgment does not oppose these facts, and therefor we accept them as true.

Based upon these facts, officials at the juvenile detention center did not know A.S. required prescription ADHD medication. Even if we assume without deciding that withholding ADHD medication equates to an excessive risk to A.S.'s mental health, an official's failure to alleviate a risk that was not perceived does not amount to a punishment. *Farmer v. Brennan*, 511 U.S. 825,

838 (1994) ("[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.").

### B. Shackling

The complaint alleges that constitutional violations occurred when A.S. was shackled during transport from the detention center to juvenile court and handcuffed when presented to the juvenile judge. Harrison County moves for summary judgment arguing that case law does not support A.S.'s claims. In response, A.S. provides two cases, neither of which support A.S.'s claimed constitutional violation.

First A.S. cites *Youngberg v. Romeo* for the proposition that there is a general right to be free from government restraint. 457 U.S. 307, 316-19 (1982). However, in the section following that cited by A.S., the Supreme Court declared that such a right is "not absolute" against legitimate interests of the state. *Id.* at 320. Here, there is a legitimate interest in seeing to the safe transportation of detainees between the detention center and the juvenile court. A.S. also cited to *Deck v. Missouri* for the proposition that prejudice results from restraints in court. 544 U.S. 622, 629-30. However, *Deck* stands for a more limited proposition: prejudice resulting from restraints before a *jury*. *Id* at 626 ("Blackstone and other English authorities recognized that the rule did not apply at 'the time of arraignment,' or like proceedings before the judge. It was meant to protect defendants appearing at trial before a jury.") (citations omitted). In judicial settings without a jury, such as A.S.'s appearance before Judge Black in juvenile court, *Deck* is not applicable.

### C. Temporary Pre-Adjudication Detention

The complaint alleges constitutional violations arising from the temporary pre-adjudication detention of a juvenile. Harrison County moves for summary judgment arguing that any liberty

5

interest of A.S. that was infringed upon by pre-adjudication detention is outweighed by legitimate state objectives to prevent pretrial crime. See *Schall v. Martin*, 467 U.S. 253, 263-'74 (1984) (finding that pretrial detention under the New York Family Court Act, purportedly designed to protect the child and society from the potential consequences of his criminal acts, comports with the fundamental fairness standard demanded by the Due Process Clause of the Fourteenth Amendment). A.S. does not oppose this argument, and the Court finds it persuasive.

To the extent the complaint alleges that temporary pre-adjudication detention of a juvenile is cruel and unusual punishment, similar logic applies.

> "if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment." Conversely, if a restriction or condition is not reasonably related to a legitimate goal-if it is arbitrary or purposeless-a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees *qua* detainees."

*Bell v. Wolfish*, 441 U.S. 520, 539 (1979); see also *Schall*, 467 U.S. 269-72 (applying *Bell* to detention provisions of New York Family Court Act). A.S. does not argue that juvenile pre-adjudication detention is arbitrary or purposeless, and Harrison County argues persuasively that the prevention of pretrial crime is a legitimate state objection justifying pre-adjudication detention.

### D. Detention with Older Juveniles

The complaint alleges constitutional violations arising from housing A.S. with older juveniles. Harrison County argues that A.S. cannot demonstrate how joint housing with older juveniles infringes upon A.S.'s constitutional rights. In opposition, A.S. does not respond to the argument. The analysis above applies here with equal force. To the extent that the complaint may allege that housing with older juveniles deprived A.S. of any liberty interest or due process rights or resulted in cruel and unusual punishment, the government has a legitimate interest that stems from the management of juvenile facilities. See *Bell*, 441 U.S. at 540 ("The Government also has

legitimate interests that stem from its need to manage the facility in which the individual is detained.").

### E. Race and Disability Based Discrimination

The complaint alleges discrimination based on race and disability in violation of the Equal Protections Clause of the Fourteenth Amendment, the American with Disabilities Act, and the Rehabilitation Act. Harrison County argues for summary judgment because, among other reasons, A.S. does not demonstrate or present evidence to show he was adversely treated because of his race or his disability. A.S.'s response limits the inquiry by claiming disability discrimination by virtue of restraints placed upon A.S. during transportation and court proceedings. However, the response does not provide any evidence showing that A.S. was adversely treated because of his disability. Such a showing is necessary to succeed. See, *e.g.*, *Davidson v. Texas Department of Criminal Justice*, 91 Fed.Appx (5th Cir. 2004) (affirming dismissal of ADA lawsuit where plaintiff failed to show he was adversely treated because of his handicap).

### F. *Miranda* Rights

The complaint alleges that no one informed A.S. of his rights under *Miranda v. Arizona*, 384 U. S. 436 (1966). Harrison County's motion for summary judgement and A.S.'s opposition briefings on this issue are misplaced as of the Supreme Court's decision recently issued in *Vega v. Tekoh*, 597 U.S. ---, No. 21-499, slip op. 16 (June 23, 2022), which held that *Miranda* does not provide a basis for a §1983 claim. In any event, A.S. has not shown that he was subjected to custodial interrogation or that any statement was used against him in any way.

### G. Factually Meritless Claims

The complaint alleges that A.S. was subjected to a cavity search, was not timely presented before a judge for adjudication, and was not appointed counsel. Harrison County moves for

7

summary judgment against these claims on the basis that they are factually meritless, that A.S. was never subjected to a cavity search, was presented to Judge Black for a pre-trial detention hearing in according with Texas law and within forty-eight hours of being detained, and was appointed counsel for the hearing. A.S. does not controvert these facts, and as a result the claims should be dismissed as factually meritless.

### H. Failure to Train

The complaint also alleges that Harrison County failed to properly train officials to address A.S.'s disability. Any failure to train argument must show that such failure was the "moving force of the constitutional violation." *Monell*, 436 U.S. at 694. However, A.S. has not demonstrated that any constitutional or federal violation has occurred.

### IV. CONCLUSION

For the reasons discussed above, it is RECOMMENDED that Harrison County's motion for summary judgment, Dkt. No. 36, should be **GRANTED** and all claims against Harrison County should be **DISMISSED**.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see also Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (*en banc*). Any objection to this Report

and Recommendation must be filed in ECF under the event "Objection to Report and Recommendation [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 27th day of June, 2022.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE